**TABOR MFG. CO. v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Third Circuit. August 7, 1929.

No. 3990.

M. Hampton Todd, of Philadelphia, Pa., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, of Washington, D. C., and Randolph C. Shaw, Sp. Asst. Atty. Gen. (C. M. Charest, Gen. Counsel, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In 1910 the Tabor Manufacturing Company, the appellant taxpayer, bought vacant, unimproved Philadelphia suburban lands for $55,787.95. In 1920 same was sold for $119,689.50. In the interim no improvements were made on the lands or in the neighborhood. No sales of adjoining property occurred, nor had anything happened to cause any fluctuation in value. In the absence of such facts and happenings, the taxpayer, in order to ascertain the value of the lands in 1913, took as a basis the increase during the 10 years from its purchase to its selling price, viz. $63,881.55, and, apportioning the same over such ten years, added three years of such proportional increase to the 1910 value, and thereby fixed the value in 1913 at $72,408.72, and its gain in 1920 at $47,280.78. On the other hand, the government took as its basis the assessments for taxation purposes made by the municipal authorities, and from them deduced a 1913 value of $65,924.73, and taxpayer's profit in 1920 of $53,764.77:

After due consideration had, we are of opinion the government erred in so doing. Our reasons for so holding are: First, as to the contention of the government, there were no proofs of sales of neighborhood lands, or of any fact tending to show an abnormal increase in any particular year. The only attempted proof was the assessment made by the city of Philadelphia for taxation pur-

poses. No witnesses were called to support such municipal valuation, or to show any facts whatever in support thereof. As between the present taxpayer and the government, such assessment was not competent evidence to determine value. On the other hand, there was affirmative and uncontradicted evidence to support the contention of the taxpayer, viz. the sum of $55,787.93, as the value of the land in 1910 which was based on the fact of that sum being paid and accepted by the then owner and the buyer. There was also proof that the sum of $119,689.50 was the value of the land in 1920, which value was based on the fact of that sum being accepted by the then owner and the then buyer. These were bona fide transactions, and this was the only evidence from which the value of the land in 1913 was determinable.

We have thus the situation of two bona fide sales of the land in question, the absence of any facts showing any abnormal or other than a gradual, regular, year by year increase in the value of the property and the sworn return of the owner of an alleged value, based on a yearly increase proportioned to the years in question. We think the value thus determined was fair, equitable, and supported by facts, and, in the entire absence of any competent data that made possible any other fixation, we adopt the value fixed by the taxpayer.

The order of the Tax Board is therefore vacated, and the record remanded for action in conformity with this opinion.